REDMANN, Judge.
Plaintiff contracted to and did fabricate and install six large ornamental canvas awnings on metal frames for defendant’s hotel. Awnings and even frames soon evidenced damages; one of the metal frames broke, eyelets for tie-ropes broke out of canvas, and one awning tore at its corners. Six months after their installation defendant had to pay to remove two of the awnings. Ten months later the remaining awnings were a shambles.
Both parties appeal from a judgment which awarded plaintiff the total agreed price of $7,850, reduced by $2,500 allowed for “deficiencies”, with 25% attorney’s fees.[1]
*1331 We agree with plaintiffs categorization of the contract as a building contract (rather than a sale, as defendant argues). Even so, if the building (or other work, La.C.C. 2756) “should fall to ruin either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss . . . C.C. 2762. We conclude that, because of the showing by defendant that the awnings fell to ruin so quickly, and the consequent inference that materials or workmanship were at fault, plaintiff’s ever-present burden of proving his case obliged him to go forward with evidence to prove that neither his materials nor his workmanship caused the falling to ruin. Because of the absence of a showing that some other cause accounts for the ruin of the awnings, we are obliged to hold that plaintiff has not proved his case for recovery on the contract.
We do, however, conclude that plaintiff is entitled to recovery on the theory of unjust enrichment, C.C. 1865, for the six months during which the awnings gave reasonable service (defendant’s disappointment in the presence of wrinkles notwithstanding) and the period thereafter during which some of the awnings continued to serve. The evidence is that the useful life of the canvas of decorative awnings is about three years, and the life of the frames is about ten years. We believe that substantial justice would be accomplished by an award of one-sixth of the full value of the awnings (as indicated by the contract price).
The judgment is reduced to $1,308.33, with legal interest from judicial demand and without attorney’s fees. All costs are to be divided equally.

. The trial judge reasoned that defendant’s manufacture and installation of the awnings “substantially met the ‘workmanlike manner’ and ‘standard practices’ requirements” provid *1331 ed by the contract. He supported this conclusion by citing defendant’s agreeing to pay an added $550 for aesthetic design changes shortly after installation. But he noted some deficiencies, which were remediable at a relatively low cost, “impossible to determine with certainty”, for which he estimated and allowed $2,500. The awnings’ worthlessness at trial he attributed to original “imperfections as well as . normal ‘wear and tear’ . . . aggravated by weather” without any maintenance by defendant.
He also cited the “stand-off” from which each party refused to budge. He noted defendant’s duty to minimize damages and contrasted “defendant’s arbitrary conduct in abandoning the awnings to the elements.”
On appeal, defendant argues that the bargain between the parties was the sale of an awning, and that the awning was redhibitorily defective, entitling defendant to rescission of the sale, with attorney’s fees, La.C.C. 2545. Plaintiff argues that the bargain was a building contract and relies on the decisions holding the builder entitled to the contract price on showing substantial performance, reduced only by any amount the owner proves is the cost of remedying defects; plaintiff argues that defendant did not show the cost of remedying defects and therefore is not entitled to the trial judge’s $2,500 allowance for defects.